Mr. Justice Thacher
delivered the opinion of the court.
Foster and Easton entered their motion in the Madison county circuit court against Samuel Hamblin, sheriff, and his sureties, for failing to pay over to them money collected on execution. On the trial of the motion, it appeared that Foster and Easton *150 had obtained a judgment against sundry persons, and among other parties defendant to the judgment, one David M. Porter, who was the second indorser on the note upon which the judgment was rendered. Subsequently, other persons obtained judgments against Porter, upon which writs of fieri facias issued and were levied on his property, but they were returned without sale, and thereupon writs of venditioni exponas were issued and placed in the hands of the sheriff. At the same time that the sheriff held these writs, he had also in possession a pluries fieri facias issued on the judgment of Foster and Easton against Porter, on which was indorsed an affidavit of the insolvency of the principals in the note on which the judgment had been obtained, and an indorsement showing a levy of that fieri facias upon the same property seized by the fieri facias upon which the said writs of venditioni exponas issued. Upon a sale, which produced a sufficient amount to satisfy Foster and Easton’s execution, they demanded the proceeds, but the sheriff paid the amount to the plaintiffs in the’ writs of venditioni exponas. Judgment was rendered on the motion against the sheriff and his sureties, which is hence claimed to have been error.
The first point insisted upon by the plaintiffs in error, is, that no evidence appears in the record that the defendants below, other than Hamblin, were sureties upon Hamblin’s official bond as sheriff. The record shows the motion to have been entered “ against Samuel Hamblin, sheriff of Madison county, and his securities in office,” and that the notice, growing out of the motion, was directed to Samuel Hamblin, sheriff of Madison county, and to the other defendants “ as securities on the official bond of said sheriff.” The notice has been decided by this court to be in the nature of process, and, when duly served, to answer the purpose of a summons or a capias. The motion and the notice constitute the pleadings on the part of the plaintiffs in the motion. The parties defendant are described as the sheriff and his sureties on his official bond. This was a sufficient statement. They appeared and defended, therefore, as sureties in the official bond, and thereby admitted the character in which they were sued. If they, or either of them, had *151 desired to-deny their liability as such suret}r, they should have craved oyer of the bond and plead non est factum. Such were the principles of the decision in the case of Lewis, et al. v. Garrett's Administrators, 5 How. 434, which this case, in this particular, closely resembles.
The second ground claimed as error in the judgment below, is, that no affidavit was procured to be made of the insolvency of the first indorser, without which it'is insisted that Foster and Easton’s fieri facias could not be levied on the property of Porter, the second indorser. This point depends upon the interpretation which should be given to the sixth section of the act of May 13, 1837, entitled “ An act to amend the laws respecting suits to be brought against indorsers of promissory notes.” One of the leading objects of this statute seems to be to compel the satisfaction of judgments, obtained jointly against all the parlies to bills of exchange and promissory notes, from the property of the principals, in the first instance, if they have sufficient, before resorting to that of the securities or indorsers. This appears to be the intention from the language of the tenth section of that statute, where the plaintiff is declared to be a trespasser, and liable for exemplary damages, who shall cause his execution to be levied on the property of his judgment debtor, who is likewise a security or indorser only on the note or bill, upon which the judgment was had, when the judgment debtor, who was also principal in that bill or note, had sufficient property to satisfy the execution. It will be noticed that this section is directed against the parties plaintiff in the execution. Bearing in mind this view of the statute, the sixth section is capable of easy construction. It makes it the duty of the sheriff, in all cases, to make the money on executions out of the drawers or acceptors in the first resort, and in- no case to levy the execution on the property of securities or indorsers, unless an affidavit from some credible person be made, setting forth that the principals have no property in the state, out of which the amount can be made. It will also be noticed that this section is directory to the sheriff, and it is clearly intended in aid of the object of the tenth section, which relates exclu *152 sively to insuring that the execution shall be satisfied, if possible, out of the property of principals, who might reasonably have been supposed to be generally the real debtors in the original bill or note. The sixth section then adds, — “ And in such event, the plaintiff may proceed with the executions against the defendants next liable, and so on, until his executions be satisfied,” that is, in the event that the affidavit of insolvency of the principals is made and filed, which is the sole condition precedent to the progress of executions against all subsequent parties to the judgment, the plaintiff may proceed against the in-" dorsers until the execution is satisfied, in the order of their succession on the bill or note, which order, by the fifth section, must be indorsed on the execution. This court will presume, also, that the sheriff did his duty in endeavoring to satisfy the execution out of the property of the first indorser before resorting to that of the second, when there is no return in respect to him, and when that issue is not made on the trial of the motion below; and it certainly cannot allow him to defend a motion here on the ground that he had failed to perform his duty in other respects.
The judgment of the court below is therefore affirmed.